UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HANWHA POWER SYSTEMS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> HYDROSTOR AUSTRALIA PTY LTD. and HYDROSTOR INC., <br><br> Defendants. | Case No._____ <br><br><br> **COMPLAINT** |

Plaintiff Hanwha Power Systems Co., Ltd. ("Plaintiff"), by and through its undersigned attorneys, alleges as follows for its Complaint against Defendants Hydrostor Australia Pty Ltd. ("Hydrostor Australia") and Hydrostor Inc. ("Hydrostor Canada") (collectively, "Defendants"):

## NATURE OF THE ACTION

1. Plaintiff files this action to recover an amount in excess of $2,000,000.00, owed to Plaintiff by Defendants for certain goods purchased under an Equipment Supply Agreement dated August 8, 2018 ("Supply Agreement") and under a subsequent Payment Agreement dated February 2, 2021 for amounts due to Plaintiff related to the Supply Agreement ("Payment Agreement"). A true and correct copy of the Supply Agreement is attached as Exhibits A[1].

2. Hydrostor Canada, through its "shell company" – Hydrostor Australia – entered into the Supply Agreement wherein Defendants purchased certain equipment from Plaintiff and agreed to make payment to Plaintiff for such equipment.

3. After failing to meet its payment obligations, Plaintiff and Hydrostor Canada,

---

[1] Please note the Payment Agreement is not attached as an exhibit to this Complaint due to the confidentiality provision contained in the Payment Agreement.

168528_34

through its "shell company" – Hydrostor Australia – entered into the Payment Agreement wherein Defendants agreed to fulfill the payment obligations to Plaintiff on or before July 2, 2021.

4.  Under the terms of the Payment Agreement, Defendants failed to make payment to Plaintiff by July 2, 2021, and therefore, Plaintiff brings claims against Defendants for breach of contract and unjust enrichment.

## JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon the diverse citizenship of the Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6.  Under the Payment Agreement, Plaintiff and Defendants also agreed in writing that any dispute arising from the Payment Agreement shall be submitted to the jurisdiction and venue in any court of competent jurisdiction located in the State of New York, USA.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Plaintiff and Defendants agreed in writing to consent to the jurisdiction and venue over any dispute arising under the Payment Agreement to any court in the State of New York, USA.

## PARTIES

8.  Plaintiff is a corporation formed and organized under the laws of the Republic of Korea with a principal place of business located at 1204, Changwon-daero, Seongsan-gu, Changwon-si, Gyeongsangnam-do, South Korea.

9.  Upon information and belief, Hydrostor Australia is an Australian Proprietary Company with a place of business located at Level 28, 91 King William Street, Adelaide, SA 5067 and a principal place of business located at Level 11, 1 Constitution Avenue, Canberra City, ACT 2601.

168528_34

10. Upon information and belief, Hydrostor Canada is a corporation registered in Ontario, Canada with a registered office address of 365 Bay Street, 300, Toronto, Ontario M5H 2V1.

## BACKGROUND

**A. Hydrostor Australia is an alter ego and/or shell company of Hydrostor Canada**

11. Upon information and belief, Hydrostor Canada is the "ultimate parent company" of Hydrostor Australia.

12. Upon information and belief, Plaintiff alleges that Hydrostor Canada and Hydrostor Australia share the same officers and directors as follows:

   a. Curtis VanWallegham ("VanWalleghem") is a director of both Hydrostor Canada and Hydrostor Australia as well as the Chief Executive Officer of Hydrostor Canada;

   b. Guy Bentinck ("Bentinck") is the Chief Financial Officer of Hydrostor Canada and a director of Hydrostor Australia; and

   c. Jonathan Norman is the President of Hydrostor Canada and a director of Hydrostor Australia.

13. VanWalleghm explicitly represented to Plaintiff that ***"[Hydrostor Australia] is a shell company with a significant liability to Hydrostor [Canada.]***" A true and correct copy of an email message from VanWalleghm dated June 15, 2021 is attached as Exhibit B. (Emphasis added).

14. Hydrostor Australia never observed any formal, independent or public identity from Hydrostor Canada as shown by Hydrostor Australia's letterhead indicating the physical address and email address of Hydrostor Canada as its own. See, e.g., Ex. J

168528_34

15. Upon information and belief, Hydrostor Canada completely dominated and controlled Hydrostor Australia.

16. Upon information and belief, Hydrostor Australia relied entirely upon capital contributions from Hydrostor Canada without any direct secured lenders, and such secured financing as passed through from Hydrostor Canada to Hydrostor Australia. A true and correct copy of an email dated July 1, 2020 is attached as Exhibit C.

17. For purposes of liability and performance under the Supply Agreement and Payment Agreement, Plaintiff alleges that Hydrostor Canada and Hydrostor Australia are indistinguishable.

B. **Agreements between Plaintiff and Defendants**

i. *Equipment Supply Agreement dated August 8, 2018*

18. In or around December of 2017, Plaintiff and Hydrostor Canada began negotiating for the purchase of certain goods by Hydrostor Canada from Plaintiff.

19. By a Notification of Award dated June 7, 2018, Defendants notified Plaintiff of their intention to contract with Plaintiff for the purchase of certain goods ("NOA"). A true and correct copy of the NOA is attached as Exhibit D.

20. VanWalleghem executed the NOA as CEO of Hydrostor Canada although the buyer listed on the NOA is Hydrostor Australia. See Ex. D.

21. On June 26 and 27, 2018, Plaintiff and Hydrostor Canada held meetings at the offices of Hydrostor Canada located in Toronto, Canada to discuss the intended arrangement between the parties wherein Plaintiff would provide certain goods to Hydrostor Canada.

22. On August 8, 2018, Plaintiff and Hydrostor Australia entered into the Supply Agreement where Hydrostor Australia agreed to purchase certain goods (the "Goods") from

4

Plaintiff for the total purchase price of $4,206,868.00.  See Ex. A, Schedule 1.

23. Pursuant to the Supply Agreement, Hydrostor Australia submitted a Purchase Order, PO No. 18-14611-01, on or around August 9, 2018, in the amount of $4,206,868.00 ("Purchase Order").  A true and correct copy of the Purchase Order is attached as Exhibit E.

24. Subsequently, Defendants – specifically Hydrostor Canada – requested Plaintiff to amend the Purchase Order to modify the items supplied and change the contract price to $4,235,648.00, which Plaintiff agreed to do by the execution of a change order dated December 18, 2018 ("Change Order No. 1").  A true and correct copy of Change Order No. 1 is attached as Exhibit F.

25. Thereafter, Defendants – specifically Hydrostor Canada – requested a second amendment to the Purchase Order to modify the delivery schedule and change the contract price to $4,175,378.00, which Plaintiff again agreed to do as shown by the execution of another change order dated June 10, 2019 ("Change Order No. 2").  A true and correct copy of Change Order No. 2 is attached as Exhibit G.

26. For a third time, Defendants – specifically Hydrostor Canada – requested another amendment to the Purchase Order to add certain fees related to delivery, storage, insurance, certain equipment and extended warranty charges related to the Goods as follows totaling $309,550.00, which Plaintiff again agreed to as shown by the execution of another change order dated June 10, 2019 ("Change Order No. 3").  A true and correct copy of the Change Order No. 3 is attached as Exhibit H.

27. Pursuant to Change Order No. 3, Defendants incur a storage fee of $22,350 and insurance for storage in the amount of $1,000 every 3 months during the period in which Plaintiff stores the Goods on Defendants' behalf, which continues to accrue ("Storage Fees").  Id.

5

168528_34

28. Notably, VanWalleghm as CEO of Hydrostor Canada executed Change Order Nos. 1 through 3 (collectively, "Change Orders").  See Exs. F-H.

29. Plaintiff fully performed its obligations under the Supply Agreement and received partial payments from Defendants in the total amount of $2,267,403.80 as follows (collectively, "Partial Payments"):

   a. $420,686.80 on or around October 29, 2018;

   b. $420,686.80 on or around February 25, 2019;

   c. $631,030.20 on or around May 17, 2019;

   d. $190,000.00 on or around September 6, 2019;

   e. $375,000.00 on or around December 20, 2019; and

   f. $230,000.00 on or around February 22, 2021.

30. Defendants submitted the Partial Payments to Plaintiff from a bank account located in Toronto, Canada.

31. By a letter dated May 8, 2020 submitted on the letterhead of Hydrostor Canada, VanWalleghem, ***on behalf of Hydrostor Australia***, informed Plaintiff that "[Defendants] are unable to remit the balance of the payment to [Plaintiff] including the inventory and insurance costs for storing the equipment." ("Hydrostor Letter").  A true and correct copy of the Hydrostor Letter is attached as Exhibit I.

32. By letter dated June 16, 2020, and in response to the Hydrostor Letter, Plaintiff informed Hydrostor Canada that Plaintiff had satisfied its obligations under the Supply Agreement and that Hydrostor owed an outstanding balance of $2,137,974.20, plus equipment storage fees in the amount of $94,505.00 ("Hanwha Letter"), which also notified Hydrostor Canada that it would be assessed 1% interest per month effective July 1, 2020.  A true and correct copy of the Hanwha

Letter is attached as Exhibit J.

### ii. *Payment Agreement dated February 2, 2021*

33. In an attempt to resolve Defendants' failure to make payment pursuant to the Supply Agreement, the parties entered into a Payment Agreement dated February 2, 2021 where Defendants acknowledged their indebtedness to Plaintiff in an amount in excess of $2,000.000.00 ("Acknowledged Debt").

34. Pursuant to the Payment Agreement, Defendants agreed to make payment for the Acknowledged Debt on or before July 1, 2021.

35. Although VanWallegham as Director of Hydrostor Australia executed the Payment Agreement, all communications between Plaintiff and VanWallegham regarding the Payment Agreement were sent from and received by VanWallegham's email address with Hydrostor Canada and included a signature in each email message identifying VanWallegham as Chief Executive Officer of Hydrostor Canada.

36. To date, Defendants have failed to make payment for the Acknowledged Debt.

37. By email message dated June 3, 2021, VanWallegham suggested that Plaintiff have a telephone call with Bentinck, the Chief Financial Officer of Hydrostor Canada, to discuss "our financial situation" regarding the impending July payment deadline, and the telephone call took place on or around June 10, 2021 ("Telephone Call").  A true and correct copy of the email message dated June 3, 2021 is attached as Exhibit K.

38. Although Bentinck is the CFO of Hydrostor Canada, during the Telephone Call, Bentinck also made representations regarding the financial state of Hydrostor Australia.

39. By email message dated June 15, 2021, VanWallegham informed Plaintiff that Hydrostor Australia "is not expected to be in a position to fully address the outstanding invoice on

168528_34


July 1." See Ex. B.

40. To date, Defendants have failed to make payment to Plaintiff for the Acknowledged Debt pursuant to the Payment Agreement.

## CLAIMS FOR RELIEF

### A. BREACH OF CONTRACT AGAINST DEFENDANTS

41. Plaintiff and Defendants duly executed the Supply Agreement in which Plaintiff provided the Goods to Defendants in exchange for Defendants' promise to make payment for the Goods.

42. Plaintiff provided the Goods to Defendants pursuant to the Supply Agreement.

43. Defendants received and accepted the Goods from Plaintiff.

44. Defendants failed to make payment for the Goods to Plaintiff pursuant to the Supply Agreement.

45. As a result of Defendants' failure to make payment, Plaintiff and Defendants entered into the Payment Agreement wherein Defendants agreed to make payment of the Acknowledged Debt to Plaintiff on or before July 1, 2021.

46. Defendants have failed to make payment for the Outstanding Balance to Plaintiff pursuant to the terms of the Payment Agreement to date.

### B. CLAIM OF UNJUST ENRICHMENT AGAINST DEFENDANTS

47. In relying upon Defendants' promise to pay for the Goods, Plaintiff provided the Goods to Defendants.

48. Defendants received the Goods but have failed and refused to pay for the full value of the Goods.

49. Defendants have received a benefit at the expense of Plaintiff.

168528_34

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Hanwha Power Systems Co., Ltd., prays the following relief from the Court:

a. That judgment shall be entered in favor of Plaintiff and against Defendants in an amount in excess of $2,000,000.00, together with interest, costs, reasonable attorneys' fees, and the disbursements of this action; and

b. That this Court will grant Plaintiff such other relief as may be just and proper.

Dated: July 20, 2022

                                                               **CHOI & PARK, LLC**
Attorneys for Plaintiff,
Hanwha Power Systems Co., Ltd.

_____
Hyun Suk Choi, Esq. (HC4208)
hchoi@choiandpark.com

23 South Warren Street
2nd Floor
Trenton, New Jersey 08608
Tel.: 609.396.2800
Fax: 609.396.2801

_____
Chull S. Park, Esq. (CP2061)
cpark@choiandpark.com

23 South Warren Street
2nd Floor
Trenton, New Jersey 08608
Tel.: 609.396.2800
Fax: 609.396.2801

168528_34